CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 1 2013

JULIA C. DUDLEY, CLERK
BY: _____
/DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JOHN R. GATES, individually and as )
bailee for Marjorie G. Adam, et al., )
)                    Civil Action No. 3:12CV00058
    Plaintiffs, )
)                    **MEMORANDUM OPINION**
v. )
)                    By: Hon. Glen E. Conrad
STATE FARM FIRE AND CASUALTY )          Chief United States District Judge
COMPANY, )
)
    Defendant. )

This case is presently before the court on the defendant's motion to dismiss the original complaint, the defendant's motion to dismiss the first amended complaint, and the plaintiffs' motion for leave to file a second amended complaint.

### Background

On September 17, 2011, a fire destroyed the residence of John R. Gates ("Gates") and over 1,350 items of personal property. Gates was insured under a homeowners' policy issued by State Farm Fire and Casualty Company ("State Farm"). Following the fire, Gates filed a claim with State Farm. The claim was denied with respect to 55 items of personal property.

On September 14, 2012, Gates initiated this action by filing a pro se complaint in the Circuit Court of Albemarle County. In the original complaint, Gates himself claimed no damages. Instead, he alleged that he was storing the 55 items of personal property for his children and grandchildren, and that they were "the parties legally entitled to payment." (Docket No. 21.) The original complaint was signed only by Gates. It was not signed by any of "the parties legally entitled to payment" or an attorney licensed to practice in Virginia. (Id.)

Upon removing the case to this court on the basis of diversity jurisdiction, State Farm moved to dismiss the original complaint. State Farm argued that the original complaint was invalid, since it was signed "only by a person acting in a representative capacity who is not licensed to practice law in Virginia." Shipe v. Hunter, 699 S.E.2d 519, 520 (Va. 2010); see also Kone v. Wilson, 630 S.E.2d 744, 746 (Va. 2006) (holding that the plaintiff's "surrogate status precluded a pro se filing because he was acting in a representative capacity for the true parties in interest").

On November 1, 2012, Gates filed an amended complaint under a revised caption: "John R. Gates, individually and as agent and bailee for Individual Plaintiffs Marjorie G. Adam, [A.A.], [L.A.], Jacques R. Gates, [E.G.], and [C.G.] v. State Farm Fire and Casualty Company." (Docket No. 6.) The amended complaint was signed by Gates, Marjorie G. Adam, and Jacques R. Gates.

Thereafter, State Farm moved to dismiss the amended complaint. The plaintiffs then filed a motion for leave to file a second amended complaint, which would allege that two of the items of personal property at issue belonged to Gates, himself, and that he sustained a loss in the amount of $2,120.00.

The court held a hearing on the pending motions on December 20, 2012. During the hearing, the court permitted the plaintiffs to file a second amended complaint within ten days of the hearing. A second amended complaint was filed on December 28, 2012, and on January 10, 2013, an answer was filed by State Farm. This opinion sets forth the grounds for granting the plaintiffs leave to file a second amended complaint.

## Discussion

State Farm argued that this action should be dismissed, and that the plaintiffs should be denied leave to amend, because they would not have been permitted to file an amended complaint

2

in state court.   See, e.g., Kone, 630 S.E.2d at 746 (holding that an invalid motion for judgment could not be amended).   However, because State Farm elected to remove the action from state court to federal court, the action is now governed by the Federal Rules of Civil Procedure.   Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Consequently, "[a]mendment of a pleading . . . is allowed if the amendment would have been permitted had the suit originated in federal court."   3-15 Moore's Federal Practice – Civil § 15.16[5] (Matthew Bender 3d Ed.) (citing Freeman v. Bee Machine Co., Inc. 319 U.S. 448, 451-52 (1943)).   The fact that an amendment would not have been allowed if the action had remained in state court is of no consequence.   Freeman, 319 U.S. at 451 (finding "no reason in precedent or policy . . . to bar amendments to the complaint, otherwise proper, merely because they could not have been made if the action had remained in state court").

The Federal Rules provide that leave to amend should be "freely give[n] when justice so requires."   Fed. R. Civ. P. 15(a)(2).   This is so because of "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."   Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006).   In light of this liberal amendment policy, the court granted the plaintiffs' motion and permitted them to file a second amended complaint, to which State Farm has filed an answer.*

The court must note, however, that Marjorie Adam and Jacques Gates signed the second amended complaint on behalf of themselves and their minor children.   Under existing precedent, "non-attorney parents . . . may not litigate the claims of their minor children in federal court." Myers v. Loudon County Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005); see also Reale v. Wake County Human Servs., 480 F. App'x 195, 197 (4th Cir. 2012).   Accordingly, the plaintiffs are

---

* Given the court's ruling, the defendant's motions to dismiss the original and first amended complaints will be denied as moot.

3

advised that unless counsel is obtained to appear on behalf of the minor children, the children will be dismissed as parties to this action.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 1st day of March, 2013.

_____
Chief United States District Judge